UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 17-CV-1398 |
| DR. OSMUNDSON, *et al.*, | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

This case was originally filed in the Northern District of Illinois and was transferred to this District since the alleged deprivation occurred at Illinois River Correctional Center. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. Plaintiff alleges he fell while climbing down from the top bunk bed because there are no ladders in the cell. Plaintiff alleges he was provided immediate

medical attention, including x-rays and 24-hour observation. Plaintiff alleges he did not receive an MRI because Defendant Osmundson, the physician, said it cost too much. Plaintiff stated in Court that he is in constant pain and is not being treated for his back and leg injury.

Plaintiff does not explain how prison officials knew that the lack of a ladder in his cell created a substantial risk of harm, and, without allegations to this effect, plaintiff does not state a claim against Defendant Hubbard. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (Eighth Amendment claims require a showing that a prison official consciously disregarded a known risk of harm). Plaintiff does state a claim for deliberate indifference against Dr. Osmundson for not being treated for his injury. *See Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016).

Plaintiff names Warden Hammers as a defendant but makes no allegations against him in his complaint, so he will be dismissed. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)(merely naming a defendant in the caption is insufficient to state a claim). Additionally, even if defendant knew of plaintiff's alleged medical situation, nonmedical prison officials "are entitled to defer to the judgment of jail health professionals" so long as the inmate complaints are not ignored. *Berry v. Peterman,* 604 F.3D 435, 440 (7th Cir. 2010).

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Dr. Osmundson. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied

as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

     3.    The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

     4.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

     5.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

     6.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to

compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Defendants Hubbard and Hammers.

12. The clerk is directed to attempt service on Defendant Dr. Osmundson pursuant to the standard procedures.

13. Plaintiff's motion for counsel (#4) is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 21st day of September, 2017

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE